AGNES K. SHEPARD *vs.* N. Y., N. H. & H. RAILROAD CO.

PROVIDENCE—MAY 17, 1905.

PRESENT: Douglas, C. J., Dubois and Johnson, JJ.

(1)   *Examination of Jurors.   New Trial.*

While an employee is to a certain extent under the control of his employer, so that a party would be entitled upon the *voir dire* to ascertain whether a juror was employed in a manufactory where the husband of plaintiff was general manager, yet, although such examination was not permitted, as it did not appear that any of the jurors were so employed, a new trial will be refused.

TRESPASS ON THE CASE for negligence.   Heard on petition of defendant for new trial, and petition denied.

PER CURIAM.   The evidence introduced at the trial was sufficient to support the verdict.

The evidence alleged to have been afterwards discovered by the defendant is partly discredited by the witnesses and the known facts and circumstances of the case, and is at the best merely cumulative as contradicting some of the evidence for the plaintiff.   It is not of such a character that we can say it would be likely to change the result if produced at another trial.

The damages, though large, are not clearly excessive in view of the probability that the injuries to the plaintiff will cause her permanent disability and suffering.

While the jury were being impaneled the defendant's counsel requested to be allowed to ask the jurors whether they were employed in the National India Rubber Company's works at Bristol, in which the plaintiff's husband was general manager. The court denied his request and he duly excepted, and now assigns this refusal as a ground for asking a new trial.

An employee is, to a certain extent, under the control of his employer, and the influence of such a relation would naturally affect his impartiality as a juror in a case where the employer's wife is a party practically to the same extent as if the case were that of the employer himself. But we do not see that the error has caused any damage to the defendant, as it does not appear that any of the jurors were so employed. The trial proceeded before an impartial jury, which is all the defendant was entitled to have. *Stevens* v. *Union R. R. Co.*, 26 R. I. 90.

The petition for a new trial is denied, and the case remitted to the Common Pleas Division for judgment upon the verdict.

*Barney & Lee*, for plaintiff.

*William T. O'Donnell*, for defendant.